(No. 75-CV-656—

IN RE APPLICATION OF EDGAR LEE WALLER.

*Opinion filed April 4, 1977.*

MARK PETTIT, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General of Illinois; PAUL C. WEST, Assistant Attorney General.

PER CURIAM.

This claim arises out of a criminal offense which occurred on March 29, 1974, at the Jazzie Ball Recreation Hall, 5109 S. Prairie Avenue, Chicago. The Claimant seeks compensation under the provisions of the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Sec. 70, 71, et seq.) (hereinafter referred to as the "Act").

The Court of Claims entered an order on September

16, 1975, dismissing this claim. Pursuant to Section 9 of the Act, the Claimant moved for a hearing and the request was granted.

The issues presented to the Court is whether the Claimant cooperated fully with law enforcement officials in the apprehension and prosecution of his assailant and whether the Claimant established any compensable loss of earnings.

Claimant testified that he was shot by an unknown person on March 29, 1974, while in a pool room known as the Jazzie Ball Recreation Hall. Claimant was transported to Provident Hospital and then to the Cook County Hospital.

He was at Cook County Hospital for six weeks and from there went to the Rehabilitation Institute of Chicago.

During the time that he was in the Cook County Hospital an operation was required upon him. The police department came to the hospital the next day after the operation when the Claimant was in severe pain. The Claimant was unable to allow himself to be interviewed because of his pain. The police never interviewed him at the hospital again.

After his release from the hospital, the Claimant went to the police station and looked at various photographs for the purpose of attempting an identification. Claimant returned to the police station several times for this purpose.

From the above facts, which were undisputed by the State, it is clear that the Claimant did in fact cooperate fully with the police.

However, the testimony was that at the time of the incident Claimant was not employed. He had last been employed on February 2, 1974, almost two months prior

to the assault upon him. At the time of the assault, Claimant was receiving public aid. During the time of Claimant's physical infirmities he continued to receive the same sum from the Illinois Department of Public Aid that he had been receiving prior to the criminal assault upon him.

Section 4 of the Act provides:

Pecuniary loss to an applicant under this Act resulting from injury or death to a victim includes, in the case of injury, appropriate medical expenses or hospital expenses, loss of earnings, loss of future earnings because of a disability resulting from the injury, and other expenses . . . . Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less . . .

This Court has previously held, in the case of *Wayne Bass vs. State of Illinois,* 74-CV-15 (1976), that a Claimant who was not employed at the time of the assault, but in fact had already made arrangements for a job and was prevented from beginning the job by reason of an assault upon him, was entitled to compensation for lost earnings.

However, in the case before us, there is no indication that Claimant had any job prospect in the immediate future. He was receiving public aid. The public aid continued in the same amount as the Claimant was receiving prior to the assault upon him. His previous employment record was one of occasional jobs. He received public aid in 1973 and 1972 for the full years.

Accordingly, this Court is of the opinion that the Claimant is not entitled to any compensation for lost earnings.

Inasmuch as Claimant's other expenses, both medical and hospital, have been fully paid by the Illinois Department of Public Aid, the Court finds that no compensation in this claim is authorized under the Act.

Accordingly, this matter is closed.